[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above cited case involves a petition for Writ of Habeas Corpus in which the petitioner claims that he was denied statutory good time credit for a sentence resulting from a conviction of a crime committed after October 1, 1994. After a review of the petition the court, sua sponte, and pursuant to § 23-29(2) of the Practice Book, scheduled a hearing to determine whether the petition should be dismissed on the ground that the relief sought is unavailable pursuant to § 18-100d of the General Statutes and Velez v. Commissioner of Correction, 250 Conn. 536 (1999).
The petitioner and his court appointed counsel, Assistant Public Defender Todd Edgington, were given notice of the hearing and the proposed dismissal of the petition pursuant to the decision of Velez v.Commissioner, 250 Conn. 536 (1999). Counsel for the petitioner did not appear for this hearing but did appear for other hearings involving the same issue and did not object to the dismissal of the petitions in those cases.
After reviewing the petition, the court found that the petitioner was serving a sentence for a crime committed subsequent to October 1, 1994 and that he was not legally entitled to the statutory good time credit which he sought. Accordingly, the court dismissed the petition.
The Office of the Chief Public Defender has now filed a petition for certification claiming that Velez v. Commissioner, 250 Conn. 536 (1999) is wrongly decided and should be reconsidered by the Supreme Court. The petitioner has not cited, nor can the court find, any issue of fact or law contained within the judgement of the court which warrants appellate review. After reviewing the unambiguous language of § 18-100d, and the unanimous decision of the Supreme Court in its consideration of this issue, this court is unable to certify that any question involved in the CT Page 13886 decision dismissing the petition is debatable among jurists of reason.
The petitioner has not satisfied the statutory criteria for an appeal pursuant to General Statute § 52-470(b). Accordingly, the petition for certification is denied.
Terence A. Sullivan, J. Superior Court Judge